IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| David Gardner, | ) Civil Action No.: 7:16-cv-03458-MGL-JDA |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION BY** |
| | ) **MAGISTRATE JUDGE** |
| BMW Manufacturing Co. LLC; Management Analysis & Utilization Inc., *d/b/a* MAU Workforce Solutions Inc., | ) |
| Defendants. | ) |

Plaintiff brought this action under the American with Disabilities Act.[1] [Doc. 1.] At the time he filed his Complaint, Plaintiff was represented by attorney Brian Murphy ("Murphy"). However, the Court granted Murphy's motion to withdraw as counsel on April 12, 2017, because Plaintiff ceased all communication with Murphy. [Doc. 29.] Subsequently, the Court issued an Order, informing Plaintiff of his responsibilities as a pro se litigant. [Doc. 34.] On May 5, 2017, Defendants filed motions to dismiss for lack of prosecution. [Docs. 43, 45.] On May 8, 2017, by Order of this Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond

---

[1]Plaintiff's action was initially filed in the Spartanburg County Court of Common Pleas and subsequently removed to this Court on October 21, 2016. [Doc. 1.]

adequately. [Docs. 46, 47.] Despite this explanation, Plaintiff failed to respond to the motions.[2]

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

---

[2]Correspondence in this action has been mailed to Plaintiff's last known address. [*See* Docs. 20, 22, 43, 45.] Plaintiff's mail has been returned as undeliverable and unable to forward. [*Id.*; *see also* Docs. 26, 36, 37, 49.]

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to file responses to the motions to dismiss. Despite being advised of the possible consequences if he failed to adequately respond, Plaintiff has elected not to respond. Because Plaintiff has already ignored the Court Order and deadlines, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

June 13, 2017
Greenville, South Carolina